# In the United States Court of Federal Claims

No. 07-232 C

(Filed: March 28, 2008)

| | |
|---|---|
| ********************************** | |
| **CHRISTOPHER J. GRUSH,** | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| **THE UNITED STATES,** | * |
| | * |
| Defendant. | * |
| | * |
| ********************************** | |

## ORDER

This FLSA case has been stayed for approximately six months because the issue of "compensat[ion] for driving a Government-owned vehicle" to and from work "was the subject of a decision relating to a different group of plaintiffs" in *Adams v. United States*, 471 F.3d 1321 (Fed. Cir. 2006). Mot. for Stay of Proceedings at 2. The Court granted the parties' joint motion to stay the case on August 2, 2007, on the parties' suggestion that "defer[ring] litigation of this issue pending the outcome of the petition for a writ of *certiorari* in *Adams*" would be efficient. *Id.* The parties informed the Court that there was a "substantial likelihood" that the remainder of Plaintiff's claims would be settled. *Id.*

On January 7, 2008, the petition for certiorari in *Adams* was denied. The parties filed a joint status report on January 17, 2008, which stated merely that "Plaintiffs are considering what further action to take at this time." On February 22, 2008, the parties filed the present joint status report, indicating that they had settled none of Plaintiff's claims. In this report, the parties propose to continue to negotiate a settlement for all claims, except Plaintiff's back pay claim for driving to and from work in a Government vehicle, which was the related subject of *Adams*. Now, the parties anticipate resolving the issue through dispositive motions. In this latest report, Plaintiff contends that additional discovery "may be" necessary to resolve his driving claim. Defendant counters that discovery is both unnecessary and an undue burden, and that the claim should be dismissed under *Adams* as a matter of law, for *Adams* controls.

Based on the parties' request to stay proceedings, *Adams* seems to be a pertinent case. In *Adams*, the Federal Circuit held that a federal law enforcement officer's commutes were

"noncompensable [because] the labor beyond the mere act of driving the vehicle is *de minimis*." *Adams*, 471 F.3d at 1328. The Court finds that it would be most efficient to consider Defendant's argument for dismissal first, before the parties begin discovery. If this issue is not resolved on a motion to dismiss, a schedule for discovery will be determined. Defendant is therefore ORDERED to file its dispositive motion on the driving claim on or before **May 12, 2008**.

The Court further ORDERS the parties to file a joint status report on or before **April 28, 2008**. The joint status report shall include (1) an indication of whether a settlement agreement has been reached on all or any of Plaintiff's additional claims, and, if not, (2) a description of all settlement activities that have taken place.

s/ Edward J. Damich
EDWARD J. DAMICH
Chief Judge