# In the United States Court of Federal Claims

No. 07-232 C

(Filed: September 15, 2008)

| | |
|---|---|
| ********************************** | |
| **CHRISTOPHER J. GRUSH,** | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| **THE UNITED STATES,** | * |
| | * |
| Defendant. | * |
| | * |
| ********************************** | |

**ORDER**

Pursuant to the Court's Scheduling Order of March 28, 2008, Defendant filed its Motion for Judgment on the Pleadings on May 7, 2008. By its motion, Defendant seeks dismissal of Plaintiff's claim for compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, for time spent driving a government vehicle to and from his place of employment. *See* Def.'s Mot. at 1; Compl. ¶ 12. Defendant argues that Plaintiff's claim is not compensable, according to the decision in *Adams v. United States*, 471 F.3d 1321 (Fed. Cir. 2006). As discussed below, the Court finds that supplemental briefing is necessary to clarify whether *Adams* controls the outcome of this case.

Plaintiff has not substantiated his claim that his driving time is distinguishable from *Adams.* In Plaintiff's opposition to Defendant's motion, Plaintiff argues that Defendant "has not submitted any facts by way of affidavits or declarations" to support its position that the present case is not meaningfully distinguishable from *Adams*, and that Defendant has instead merely relied upon "unverified statements by [D]efendant's counsel." Pl.'s Opp'n at 1. Plaintiff then implies that he will be able to prove that his time spent driving is sufficiently distinct from the driving time discussed in *Adams,* such that *Adams* does not control the outcome of this case. *See Id.* at 13. For example, Plaintiff makes such statements as:

> "[T]he Diversion Investigator position was not considered in either *Adams* or *Bobo*." Pl.'s Opp'n at 2.
>
> "Here plaintiff can and will demonstrate that his driving was controlled and directed by

> defendant and was engaged in exclusively for its benefit." Pl.'s Opp'n at 8-9.
>
> "[Diversion Investigators] drove and drive between home and work performing 'field work' ...." Pl.'s Opp'n at 13.

However, Plaintiff is guilty of the same error it accuses Defendant of committing – Plaintiff does not substantiate his assertions by pointing to evidence that actually establishes differences between the driving time at issue in *Adams* and Plaintiff's driving time. Plaintiff does not even suggest how these differences would eventually be substantiated. Similarly, Plaintiff's complaint does not state any more than that Plaintiff is entitled to compensation for his "travel." Compl. ¶ 12. The Court is thus left uninformed as to precisely which characteristics of Plaintiff's driving time allegedly distinguish it from the driving time discussed in *Adams*.

Under Rule 12(c) of the Rules of the Court of Federal Claims ("RCFC"), a motion for judgment on the pleadings may be treated as a motion for summary judgment if matters outside the pleadings are presented to the Court. Because Plaintiff has challenged the factual support for Defendant's position and referred to matters outside its complaint, the Court finds it appropriate to treat the present motion as a motion for summary judgment. *See Brubaker Amusement Co., Inc. v. United States*, 304 F.3d 1349, 1355 (Fed. Cir. 2002) ("Pursuant to RCFC 12(c), the trial court may convert a motion to dismiss into a motion for summary judgment under RCFC 56 if it relies on evidence outside the pleadings.").

The Court therefore ORDERS Plaintiff to submit a supplemental brief on or before **October 24, 2008**, describing and substantiating the alleged *factual* distinctions between his driving time and the driving time discussed in *Adams*. Plaintiff's substantiation may include such evidence as is permissible in briefing on a motion for summary judgment (e.g., affidavits). *See* RCFC 56(e). At a minimum, Plaintiff shall include an affidavit from Mr. Grush, describing the nature of his commute. Defendant is likewise ORDERED to file a supplemental brief on or before **November 7, 2008**. The supplemental briefs shall address only the factual differences, if any, between the commutes in *Adams* and Plaintiff's commute that would distinguish the holding in *Adams*. The parties shall focus on whether any genuine issue of material fact exists as to the nature of Plaintiff's commute.

s/ Edward J. Damich
EDWARD J. DAMICH
Chief Judge